1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE SHEET
METAL WORKERS' PENSION PLAN OF
SOUTHERN CALIFORNIA, ARIZONA
AND NEVADA, et al.,

Plaintiffs,

vs.

ROBERT RALPH LARCEVAL and SUSAN
JANE BENHAM, individuals and doing
business as RRL MECHANICAL,

Defendants.

CASE NO. 11CV1893 JLS (POR)

**ORDER STAYING CASE**

(ECF No. 13)

On January 23, 2012, Plaintiffs filed a response to this Court's Order directing Plaintiffs to submit briefing demonstrating good cause for why the complaint against the defaulted parties should not be dismissed for failure to move for default judgment within the time prescribed by Local Rule 55.1. (Resp., ECF No. 13)  In that response, Plaintiffs indicated to the Court for the first time that Defendants filed for Chapter 13 bankruptcy on December 29, 2011, and accordingly requested that the case be stayed "until and unless the Defendants' bankruptcy is dismissed or discharged." (*Id.* at 2)

The automatic stay provision of 11 U.S.C. § 362(a)(1) prohibits the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this

title." 11 U.S.C. § 362(a)(1). Here, the individual defendants Robert Ralph Larceval ("Larceval") and Susan Jane Benham ("Benham") have filed for Chapter 13 bankruptcy. Accordingly, the claims against them are automatically stayed under § 362(a)(1).[1]

A stay issued pursuant to § 362(a)(1) continues until the case is closed or dismissed, or the discharge is granted or denied. 11 U.S.C. § 362(c)(2). Accordingly, the Court directs Plaintiffs to submit to the Court within <u>seven days</u> of the date the bankruptcy case is closed or dismissed, or the discharge granted or denied, a motion to lift the stay in this matter.

**IT IS SO ORDERED**.

DATED: January 27, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] The automatic stay provision applies only to those defendants who have filed for bankruptcy. *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987). The underlying complaint in this action seeks relief against Defendants Larceval and Benham, "individuals and doing business as RRL Mechanical," and all of the allegations in the complaint pertain to the defendants collectively. (Compl. ¶ 8, ECF No. 1) There is no indication that RRL Mechanical has filed for bankruptcy, and therefore the automatic stay provision of 11 U.S.C. § 362(a)(1) does not apply. Nevertheless, the Court finds it appropriate to additionally stay the claims as against RRL Mechanical as the claims are asserted against all defendants collectively and RRL Mechanical is comprised of the individual defendants subject to the automatic stay. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

11cv1893